[Civ. No. 9368.   Third Dist.   Apr. 30, 1958.]

ANDREW SHEVELAND et al., Respondents, v. FRED E. REED et al., Appellants.

*Riggins, Rossi & Kongsgaard* for Appellants.

*Dwyer, King, Price & Mering, James D. Boitano* and *Harold T. King* for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment quieting respondents' title to a tract of land in Napa County.

The material facts, as found by the trial court, are that on March 18, 1953, the respondents, in consideration of $1,000, gave appellant a 30-day option to purchase the subject property at $1,000 an acre, to be paid as follows: $1,500 at the time of the exercise of the option, $37,500 within 90 days thereafter, and the balance of $190,000 at the rate of $40,000 a year. The option provided that appellant would obtain title insurance at his expense and that respondents should have 60 days within which to cure any defect in the title. The option was not exercised within the time specified, but appellant did pay respondents an additional $5,500 and on February 4, 1954, respondents agreed to extend the option to July 31, 1954, if appellant paid $3,000 by March 5, 1954. Upon the payment of $2,000 on March 1, 1954, the option was further extended to April 1, 1954. On March 27, 1954, respondents executed an agreement which recited that, in consideration of the $8,500 theretofore paid, respondents would extend the option if appellant paid $1,000 on or before April 1, 1954, and $24,500 on or before July 31, 1954.

The called for payments were not made and respondents brought the present action to quiet their title to the property and to have the option cancelled. Appellants, by way of cross-complaint, sought specific performance of the agreement to convey, claiming that the option had not terminated because respondents failed to clear title as required in the extension agreement of March 27, 1954. They also asked for declaratory relief.

The March 27, 1954 option contained the following provision:

". . . If at the time for exercise of option . . . July 31, 1954, the title to the property covered in this agreement is not free and clear of all liens and encumbrances including those specifically listed as exceptions Number Two (2) to nine (9)

---

*Assigned by Chairman of Judicial Council.

inclusive in that certain preliminary report for a policy of title insurance, Order Number 48724, dated February 4, 1954, and issued by the Napa County Title Company, then *the time for exercise of said option is extended until said liens and encumbrances have been removed,* and Vendee shall have ten (10) days thereafter to exercise the first purchase right over said property as provided in this agreement." (Emphasis added.)

In addition to the facts heretofore stated, the trial court found that on March 27, 1954, appellant waived any objection to the condition of the title, that the selling price as of March 27, 1954, and as of July 31, 1954, was inadequate, and that the offer to sell was not accepted prior to July 31, 1954, and expired on that date.

Appellants do not challenge the court's findings, but contend that since the court found that the option was void they are entitled to the return of the $8,500 they paid to the respondents, and that the parties should be restored to status quo.

We do not agree with appellant. The trial court did not find that the original option, as extended on March 1, 1954, was void. It did find that the option of March 27, 1954, was void. Further, the entire $8,500 had been paid as the consideration for the original option and its prior extensions. Appellants had received the full equivalent of the price paid, hence there was no consideration for the March 27, 1954 option (which was complete within itself and expressly cancelled all prior options) and as no payments were made pursuant thereto there was nothing to be returned to the appellants. It is said in 1 Corbin on Contracts, section 273, page 914:

". . . When that time expires, the option holder has received the full agreed equivalent of the price he paid for his option; and a refusal to give effect to an acceptance that is one minute late results in no forfeiture."

The findings and the record fully support the judgment.

Other points discussed in the briefs do not require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied May 29, 1958.